IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| AIDA CASTILLO, | ) | 8:09CV324 |
| | ) | |
| Petitioner, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| ERIC HOLDER, | ) | |
| JANET NAPOLITANO, | ) | |
| JOHN T. MORTON, and | ) | |
| GREG JENSEN, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

This matter is before the court on the petitioner's request for a temporary restraining order directing that she not be removed from the United States pending a determination of her claims in this proceeding. I held a conference call with counsel on September 15, 2009, and, after being advised by the government that the petitioner would not be deported prior to September 23, requested that the parties submit briefs by the close of business on September 18. That has now been accomplished.[1] After carefully reviewing the record and authorities cited by the parties, I have determined that a temporary restraining order will not issue.

In *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc), the Court of Appeals clarified the standard district courts should apply when considering a motion for preliminary injunctive relief:

---

[1] Both sides have also filed an index of evidence. The government's index was filed under provisional seal, along with a motion to restrict access to court users and case participants pursuant to the E-Government Act. The motion will be granted.

> (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.

"The party seeking injunctive relief bears the burden of proving these factors." *Lankford v. Sherman*, 451 F.3d 496, 503 (8th Cir. 2006). "No single factor in itself is dispositive; rather, each factor must be considered to determine whether the balance of equities weighs toward granting the injunction." *United Indus. Corp. v. Clorox Co.*, 140 F.3d 1175, 1179 (8th Cir.1998). "At base, the question is whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined . . .." *Dataphase*, 640 F.2d at 113.

I believe that the *Dataphase* case should be applied to temporary restraining order situations.[2] That said, and emphasizing that my mind may be changed by a better developed record and briefing, I find and conclude that the *Dataphase* factors do not favor the plaintiff to a degree sufficient to warrant issuance of a temporary restraining order. Indeed, without going into detail, I am unable to find that any factor favors the petitioner.

Accordingly,

---

[2] Although the government does not press the point, it is possible that a more stringent standard applies in this case. *See* 8 U.S.C. § 1252(f)(2) ("Notwithstanding any other provision of law, no court shall enjoin the removal of any alien pursuant to a final order under this section unless the alien shows by clear and convincing evidence that the entry or execution of such order is prohibited as a matter of law.").

-2-

IT IS ORDERED that:

1. Filing 10, the government's motion to restrict access to its index of evidence (filing 11) to court users and case participants, is granted.

2. The petitioner's request for a temporary restraining order is denied.

September 21, 2009.                    BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.