IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| AIDA CASTILLO, | ) | 8:09CV324 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| ERIC HOLDER, as Attorney General of the United States, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

Aida Castillo, a citizen of El Salvador, filed a habeas petition and complaint for declaratory and injunctive relief on September 15, 2009, seeking release from detention by United States Immigration and Customs Enforcement (ICE) and judicial review of an order for her removal.[1] Castillo also sought the issuance of a temporary restraining order to prevent her removal from the United States pending determination of her claims. On September 23, 2009, following the court's denial of the request for a temporary restraining order, Castillo was removed to El Salvador.

On November 20, 2009, the defendants filed a motion to dismiss, or, in the alternative, motion for summary judgment. There has been no response by Castillo. I find that the motion to dismiss should be granted because the court does not have subject matter jurisdiction.

The REAL ID Act of 2005 requires that habeas petitions seeking relief from a final order of removal be filed in the court of appeals. *Bah v. Cangemi*, 548 F.3d

---

[1] Four federal officials are named as defendants: Eric Holder, Attorney General of the United States; Janet Napolitano, Secretary of the Department of Homeland Security; John T. Morton, Assistant Secretary of ICE; and Greg Jensen, Acting Director of ICE's Omaha Field Office.

680, 683 n. 3 (8th Cir. 2008); 8 U.S.C. § 1252(a)(5). The Act does not affect a district court's jurisdiction over habeas petitions challenging the detention associated with a removal order, *id.*, but this aspect of Castillo's habeas case became moot when she was removed from the United States and released from detention. *See, e.g., Louismar v. Holder*, No. CA 09-0221-WS-C, 2009 WL 2424445, *2 (S.D.Ala. Aug. 6, 2009) ("Several district courts, in addition to this Court, have determined that once a § 2241 petitioner has been removed from the United States and deported to his native country his petition seeking release from detention and ICE custody becomes moot as 'there is no longer a live case or controversy as required under Art. 3, § 2, cl. 1.'"); *Denis v. DHS/ICE of Buffalo*, 634 F.Supp.2d 338, 341 (W.D.N.Y. 2009) ("The district courts in this Circuit to have considered the issue have found that where an alien challenging his detention under 28 U.S.C. § 2241 is released during the pendency of his petition under an order of supervision, the petition is rendered moot.").

This court likewise has no authority to act on Castillo's request for declaratory and injunctive relief.[2] Section 1252(a)(5) provides that "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter," and it broadly defines the term "judicial review" to "include habeas corpus review pursuant to section 2241 of Title 28 . . . and review pursuant to any other provision of law (statutory or nonstatutory)." 8 U.S.C. § 1252(a)(5). Congress also expressly provided in enacting the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 that "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to

---

[2] In seeking declaratory and injunctive relief, Castillo alleges that her Fifth Amendment right to due process was violated and also claims that the defendants are estopped from enforcing the order of removal. In effect, however, these claims are challenges to the order of removal. *See Haider v. Gonzales*, 438 F.3d 902, 910 (8th Cir. 2006) (petitioner's due process claim challenged removal order and could not be heard by district court).

remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. . . . [N]o court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 . . . or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact." 8 U.S.C. § 1252(b)(9).

Accordingly,

IT IS ORDERED that:

1. The defendant's motion to dismiss (filing 25) is granted pursuant to Federal Rule of Civil Procedure 12(b)(1).

2. Final judgment shall be entered by separate document dismissing the plaintiff's action for lack of subject matter jurisdiction.

February 9, 2010.     BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

\* This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

3